(96 South. 422)

**BOND BROS. v. BATES.** (6 Div. 878.)

(Supreme Court of Alabama. April 26, 1923.)

Appeal and error ⬠1039(13)—Admission of evidence of making contract with defendant corporation under its popular name held not reversible error.

In an action to recover for the breach of a contract brought against "B. Bros., a corporation," it was not reversible error to admit evidence as to a contract with the "B. Tie Company," where the evidence as a whole indicates clearly that the latter name was merely the popular appellation for the corporation, and satisfactorily identifies the one with the other.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action for breach of contract by John A. Bates against Bond Bros., a corporation. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Ward, Nash & Fendley, of Oneonta, for appellant.

There being no evidence to show a contract between plaintiff and defendant, the general affirmative charge should have been given for defendant. Rules 34 and 35 do not apply. Ferrell v. Ross, 200 Ala. 90, 75 South. 466; Pratt, etc., Co. v. Short, 191 Ala. 378, 68 South. 63.

Russell & Johnson, of Oneonta, for appellee.

If there had been a variance, it was the duty of appellant to call the trial court's attention thereto. Adler v. Martin, 179 Ala. 97, 59 South. 597.

SOMERVILLE, J. Plaintiff sues defendant to recover damages for breach of a contract by which defendant agreed to pay to plaintiff a stipulated price per tie for all the cross-ties manufactured by plaintiff from the timber growing on certain lands owned by defendant. Defendant pleaded the general issue with leave to give in evidence any special matter of defense or cross-claim. The defendant, as named in th complaint, is "Bond Bros., a corporation."

Defendant's sole contention on this appeal is that the evidence showed that plaintiff's contract was made with the "Bond Tie Company," and failed to show any such contract with "Bond Bros., a corporation"; wherefore it is insisted that the evidence of plaintiff's contract was irrelevant, and should have been excluded, and that defendant was entitled to the general affirmative charge.

In his opening testimony plaintiff stated, in response to a question from his attorney, that he "made a contract with Mr. Wilson, as the agent of the Bond Tie Company, to cut ties for that company." Prima facie, of course, the "Bond Tie Company" is not to be identified with "Bond Bros., a corporation"; and, if the quoted testimony were all that the record showed on that subject, the contention of defendant would have to be sustained, and the trial court put in error for not sustaining defendant's objection to plaintiff's testimony, and for refusing the general affirmative charge as duly requested by defendant. But later on in his testimony plaintiff showed that Wilson was in fact representing "Bond Bros." in making the contract in question; and while the witnesses, for the most part, referred to the contractor as the "Bond Tie Company," yet the testimony as a whole indicates very clearly that the latter name was merely the popular appellation for "Bond Bros.," and satisfactorily identifies the one with the other.

The question at issue was whether plaintiff's contract was in fact made with the defendant company, under whatever understanding by the plaintiff as to its true corporate name, and we think there was ample evidence to support the finding of the jury that the defendant company was liable upon

the contract testified to by plaintiff and his witnesses. Hence there was no prejudicial error. in admitting the testimony objected to, since the prima facie objection was afterwards removed, and the general affirmative charge for defendant was properly refused.

There is no occasion for the application of Supreme Court rules 34 and 35, and our conclusion is not based upon such a consideration, but entirely upon the effect of the evidence. Finding no error in the record, the judgment of the lower court will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.